## STATE v. HEAD.

1. EVIDENCE—HEARSAY.—The declarations of an absent person, made to the defendant, may be given in evidence against the defendant.

2. IBID.—CROSS-EXAMINATION.—Defendant's counsel have the legal right to cross-examine witnesses for the prosecution, but if the cross-examination be pushed beyond the limit which the trial judge considers reasonable, it may be checked.

3. IBID.—LOST PAPER—CONTENTS.—A letter written by defendant, relevant to the crime with which he stands charged, having been destroyed, one who read it may testify as to its contents.

4. NEW TRIAL—INSUFFICIENT EVIDENCE.—This court cannot review an order of the Circuit Judge refusing a new jury trial, which was moved for on the ground of insufficiency of evidence to support the verdict.

5. EVIDENCE NOT OBJECTED TO.—The admission of evidence in reply without objection cannot be afterwards urged in support of a motion for new trial.

Before FRASER, J., Greenville, July, 1892.

The defendant, George C. Head, was indicted for stealing one gold watch and umbrella, worth thirty dollars, the property of H. C. Brabham, and one watch, one shirt, one pair of shoes, and one razor, of the value of twenty-one dollars, the property of W. E. Harter—all at Greenville—on February 12, 1892. W. E. Harter was not at the trial, and two witnesses for the prosecution were permitted to testify that Harter had accused defendant of having on the stolen shoes, and that defendant had denied it.

A witness for the prosecution having been cross-examined at length, was asked whether the policeman who recovered the stolen property had said anything about money. An objection was then interposed by the solicitor, and the objection was sustained.

A witness, Mary Praylor, testified that defendant had given her a sealed note to Nancy Love, which witness delivered. Nancy opened it and got witness to read it, and then threw it in the fire, and it was destroyed. The witness was then permitted to testify (defendant objecting) that this note called upon Nancy Love to swear in court that she saw defendant pay a man some money for two watches.

There was no objection to any of the testimony offered by the State in reply, except to the statement by a policeman, that he had never heard of Charley Jones or Henry Craig. The defendant had testified that he got the stolen watches from Charley Jones, in Henry Craig's presence.

*Messrs. Geo. W. Dillard* and *C. J. Hunt,* for appellant.

*Mr. Ansel,* solicitor, contra.

February 8, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. It is alleged here that the trial judge erred in the trial of this case in the following particulars: *First.* By admitting the declarations of one W. E. Harter, who was not present at the trial. *Second.* By denying counsel for the accused the right to fully cross-examine one of the witnesses for the prosecution. *Third.* By allowing the contents of a letter, written by the prisoner, and which had been destroyed after being read, to be given in evidence. *Fourth.* By refusing the prisoner a new trial. (*a*) Because the evidence was not sufficient to support the verdict. (*b*) Because, after the prisoner closed the evidence in his behalf, certain witnesses were examined by the State, whose testimony was not in reply, but was as new matter.

1. The "Case" here fails to sustain this ground of appeal. Unquestionably, "hearsay testimony" should be generally excluded. In the case at bar, however, the declarations of the absent witness, W. E. Harter, which were admitted, were made in the presence of the accused, and hence it was competent for the State to give them in evidence.

2. We have carefully examined the "Case," to ascertain if the Circuit Judge interfered with the rights of prisoner's counsel on the cross-examination of the State's witness, Daniel Henderson, but fail to find anywhere a curtailment of the legitimate exercise of counsel's privileges. It must always be borne in mind that the delicate duty of determining when counsel has reached the limit to the right of cross-examination of a witness must be confided to the Circuit Judge. If the "Case" showed any disregard of the rights

of counsel in this or any other matter, this court would not hesitate to protect counsel; but we must be equally frank in saying that, in this instance, the Circuit Judge did not trench upon counsel's rights in any particular complained of.

3. It seems that the prisoner, while in jail, wrote a letter, and, after sealing it up in an envelope, addressed the same to Nancy Love, and placed such letter in the hands of one Mary Praylor, with directions to deliver the same to Nancy Love. The witness, Mary Praylor, testified that she placed this letter in the hands of Nancy Love, who opened it, and then requested the witness to read it; that as soon as the letter was read, Nancy Love placed it in the fire and it was burned up. Counsel for prisoner objected to this witness stating the contents of this letter. Objection was overruled and the witness stated the contents. We see no error here.

4. Lastly, we will consider the grounds for a new trial. (*a*) We have, time and time again, repeated the decision that this court cannot interfere with the discretion of the Circuit Judge when he passes upon motions for a new trial, so far as the sufficiency or insufficiency of evidence is concerned. The responsibility in such instances is that of the Circuit Judge. We are denied the power by law to interfere with his decision of such questions.

(*b*) We are unable to sustain the view of appellant, that the Circuit Judge should have granted a new trial on the ground here involved. The "Case" shows that all the testimony now complained of was taken without the slightest objection of prisoner's counsel. It is the business of counsel to speak at the trial, if objectionable testimony is offered. If they allow the rules of law, so far as the introduction of testimony is concerned, to be violated in the Circuit Court, they cannot receive relief in this tribunal. But for the comfort of the counsel in this case, we will say that, in the main, if not entirely, the testimony to which they now except was strictly in reply.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.